## BASSETT & BASSETT v. P. E. HAMMOND.

(No. 1224, Op. Book No. 3, p. 463.)

APPEAL from Washington County.  Opinion by WHITE, P. J.

§ 108. *Garnishment depends on judgment.* A garnishment cannot be maintained without a judgment against the debtor. But the want of such a judgment must be pleaded by the garnishee, if he would avail himself of it.

§ 109. *Garnishment; extent of garnishee's liability.*
An attaching creditor can hold the garnishee only to the extent of the debtor's claim against the garnishee, and can acquire no rights against the latter except such as the debtor held; and as he is not permitted to place the garnishee in any worse condition than he would be if sued by the debtor, it follows necessarily, that, whatever defense the garnishee could urge against an action by the debtor for the debt in respect to which he is garnished, he may set up in bar of a judgment against him as garnishee.   Thus, in this case, W., the debtor, was largely indebted to the garnishees when he deposited with them $175, to indemnify them as sureties upon an appeal bond which he contemplated executing in a case, but which was not executed, and, therefore, no liability was incurred by the garnishees.   It was contended by H., the attaching creditor, that the $175 deposited with the garnishees was subject to his garnishment, but it was held otherwise, the court saying: "When the condition had lapsed upon which the $175 was to be held as a special deposit, the garnishees became simply the debtors of W., and, had he sued them for the money, they had an undoubted right to set off his indebtedness to them *pro tanto.*   The deposit of the money in the hands of the garnishees was intended in no wise as a deposit for the plaintiff's benefit.   He has no equitable claim upon it."

February 2, 1881.          Reversed and remanded.